Saxe, J.,
dissents in part in a memorandum as follows: While I concur with the majority to the extent it reverses the grant of summary judgment to plaintiff, I disagree with the grant of defendant’s motion to dismiss the complaint pursuant to CELR 3211.
Elaintiff is an institutional equity research and trading firm. Defendant is a technology and development company. In October *523 2009, the parties entered into a letter agreement pursuant to which plaintiff was to act as financial advisor to defendant, assisting defendant in business strategy and potential mergers or other transactions. The agreement provides that defendant would pay plaintiff a fee if defendant entered into a “sale, transfer or other disposition . . . [of) a portion of the assets, businesses or securities of the Company, whether by merger, consolidation or other business combination, negotiated purchase, tender or exchange offer, option, leveraged buyout, restucturing or otherwise” during, and for 12 months after the expiration of, the agreement. Plaintiff proceeded to advise defendant with regard to various opportunities in the mining industry.
In the transaction at issue, defendant purchased, from an entity called Platinum, notes in another entity, called Firstgold, with a face value of $7 million, for a purchase price of $5 million. The purchase of the notes was in contemplation of defendant’s acquisition from Firstgold of a gold mine in Nevada. When defendant failed to obtain the contemplated additional financing for the purchase of the mine, it sold back the notes to Platinum, pursuant to the terms of the purchase agreement with Platinum. Plaintiff claims that it is entitled to a fee for that transaction.
The initial question is whether defendant’s purchase of the Firstgold notes constituted the contemplated type of “sale, transfer or other disposition” of defendant’s assets, businesses or securities, as that term is defined by the parties’ agreement. While the motion court found that defendant’s purchase of those notes unquestionably constituted such a “sale, transfer or other disposition,” the majority finds to the contrary, and therefore dismisses the complaint.
In my view, questions of fact preclude determination of this issue as a matter of law. I reject the majority’s reasoning that the term “disposition” in the contract’s phrase “sale, transfer or other disposition” must be interpreted as limited in scope by the words “sale” and “transfer,” so as to refer only to a transaction by which defendant divests itself of assets. The phrase may equally well be understood to incorporate a transaction in which defendant’s funds are used to purchase other assets. This is particularly so since the agreement provides that plaintiff would assist defendant in potential mergers or other transactions, not just transactions in which defendant sold rather than purchased assets.
The principle of ejusdem generis, as useful as it may sometimes be in, for example, interpreting insurance policy terms *524 (see 242-44 E. 77th St., LLC v Greater N.Y. Mut. Ins. Co., 31 AD3d 100, 103-104 [1st Dept 2006]), or statutes (see McKinney’s Cons Laws of NY, Book 1, Statutes § 239 [a] [“words employed in a statute are construed in connection with, and their meaning is ascertained by reference to the words and phrases with which they are associated”]), is not helpful in interpreting the relevant phrase of the parties’ letter agreement. Since the proper interpretation of the agreement in this regard is unclear, I would deny summary judgment and leave the intent of the parties to be determined at trial.
Further, I find potential merit to defendant’s contention that the purchase of the Firstgold notes was not the type of “disposition” contemplated by the agreement because it was conditional rather than final, and the purchase was ultimately rescinded. I believe that the agreement is unclear on this point as well, and thus, that neither party has yet established entitlement to judgment as a matter of law on the question of whether plaintiff is entitled to a fee based on the particular transaction at issue.
I also perceive ambiguity as to whether the agreement required plaintiff to have brought about, or taken part in, the transaction, to be entitled to a fee. Section 2 of the agreement states that “[t]he Engagement may potentially result in a sale, transfer or other disposition.” The use of “result” may be understood to indicate that the engagement for which a fee is earned is one which resulted from the engagement. Since it cannot be said with certainty what the parties intended in this regard, this aspect of the contract’s interpretation also requires a trial.
Moreover, a question of fact is presented as to whether plaintiff, in fact, played such a part in the transaction. The employee’s affidavit submitted by plaintiff does not conclusively establish that the transaction here resulted from plaintiffs efforts, and therefore plaintiffs entitlement to judgment is not established as a matter of law. The employee’s stated “awareness” of the possibility of such a purchase transaction does not suffice, and the “fyi” emails sent to him the day before the purchase closed do not indicate or refer to any efforts by plaintiff in connection with the deal.
For all the foregoing reasons, I would deny both plaintiff’s motion for summary judgment and defendant’s motion to dismiss the complaint.